A separate order granting final judgment will follow.

BORDEN, INC., GOOCH FOODS, INC., AND HERSHEY FOODS CORP., PLAINTIFFS *v.* UNITED STATES AND UNITED STATES DEPARTMENT OF COMMERCE, DEFENDANTS, AND DELVERDE, SRL AND DELVERDE USA, DEFENDANT-INTERVENORS

Consolidated Court No. 96–08–01970

(Dated December 16, 1998)

*Collier, Shannon, Rill & Scott (Paul C. Rosenthal* and *David C. Smith)* for plaintiff.
*Gilbert, Segall and Young L.L.P. (Jeffrey E. Livingston* and *David D. Howe)* for plaintiff-intervenor F.lli De Cecco Di Filipo Fara San Martino S.P.A.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Delfa Castillo* and *Erin E. Powell), Dean A. Pinkert,* Attorney, United States Department of Commerce, of counsel, for defendants.
*Neville, Peterson & Williams (Lawrence J. Bogard)* for defendant-intervenor Delverde, SrL.
*Mound, Cotton & Wollan (Constantino P. Suriano)* for defendant-intervenor Delverde, U.S.A., Inc.

### OPINION

RESTANI, *Judge:* This challenge to *Certain Pasta From Italy,* 61 F.R. 30326, 38547–01, 42231–02 (Dep't Commerce 1996) (final and amended

final determinations of sales at less than fair value), is before the court following a remand determination of the Department of Commerce ("Commerce"). The court affirms the revised antidumping duty margin of 24.34% for plaintiff De Cecco.

De Cecco challenges Commerce's determination that it was uncooperative, which resulted in an adverse facts available margin. Commerce seeks reconsideration of the court's earlier decision herein so that it may use De Cecco's original 46.67% rate, found to be unusable by the court in *Borden, Inc. v. United States*, 4 F. Supp. 2d 1221, 1247 (Ct. Int'l Trade 1998).

It is too late for Commerce to attempt to justify its original 46.67% margin with new support or a new methodology.[1] The issue was before the court prior to remand, and all arguments relating thereto should have been made at that time. Further, the court explained in *Borden*, 4 F. Supp. 2d at 1247–48, why the original margin was not usable and why the 24.31% margin would give the proper incentive here. Commerce's statement that, pursuant to a new methodology, it established the 46.67% margin was "within the range of margins calculated on transactions for cooperative respondents," *Certain Pasta from Italy: Redetermination on Remand* at 15 *("Remand Determination")*, is not a sufficient reason to reopen this issue. Moreover, given the facts involved in this case, information as to the number of transactions referred to and the identity of the respondents would be needed to derive any meaning from this new information.

In the redetermination on remand, Commerce has set forth in considerable detail its reasons for concluding that De Cecco was not cooperating to the best of its ability. There is support for Commerce's alternative conclusion that De Cecco did not advise Commerce as quickly as possible of problems with its data. *See, e.g. Remand Determination* at 10 (failure to report alleged problems in managerial cost system) and at 12, note 14 (failure to notify Commerce of data errors). This was also against the background of an earlier failure to report data of an affiliate. *Borden*, 4 F. Supp. 2d at 1243. From this Commerce concluded that De Cecco could have cooperated and aided in the investigation to a degree that would have permitted full verification of acceptable data.

Congress has given Commerce a difficult task in requiring it to determine if a party is cooperating to the best of its ability in supplying Commerce with requested information. *See* 19 U.S.C. § 1677e(b) (1994). Commerce must necessarily draw some inferences from a pattern of behavior. Commerce could draw a completely innocent inference, but, based on the totality of the facts, the adverse inference is supported. Moreover, De Cecco has little reason to complain at this point. The margin selected is that applicable to a cooperative respondent. It is quite possible that De Cecco's margin, if verifiable, would have been lower, but the 24.37% margin cannot be called unduly punitive, and De Cecco

---

[1] Commerce did not seek reconsideration immediately after the court's opinion based on any of the normal bases.

may obtain a new margin for future entries through an administrative review. Under these facts, De Cecco's new margin of 24.37% fulfills the statutory purposes to provide an incentive to cooperate with Commerce without utilizing punitive, aberrational, or uncorroborated margins.

De Cecco has sought severance of its claims because it is suffering under the burden of an extremely high margin, which the court, more than six months ago, found was erroneous. The issues surrounding the claims of the other parties are considerably more complicated and may require additional argument. Severance at this point would be cumbersome, but the court finds there is no just reason to delay entering a separate judgment as to De Cecco's claim pursuant to Rule 54(b).

